INDIOLA SELBY *vs.* NORMAN SELBY.

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C: J., Dubois and Blodgett, JJ.

(1)  *Equity.  Divorce.  Voidable Marriage.*

The court will not take jurisdiction in equity for the purpose of annulling a marriage voidable on account of fraud in procuring it, while an ample remedy is provided by the statute relating to divorce, which forbids the granting of the same upon default or admissions by the pleadings or except upon trial before the court in open session.

BILL IN EQUITY for the purpose of annulling an alleged voidable marriage. · Bill dismissed.

(1)    PER CURIAM. This court will not take jurisdiction in equity for the purpose of annulling a marriage, voidable on account of fraud in procuring it, while another ample remedy is provided by the statute relating to divorce, which forbids the granting of the same upon default or admissions by the pleadings or except upon trial before the court in open session. As was said in *Leckney* v. *Leckney*, 26 R. I. 441: "That it was competent for the General Assembly to denominate a proceeding to annul a marriage of this kind" (voidable at the election of one or both of the parties) "a petition for divorce, there can be no doubt.  And having so denominated it, this court is authorized to treat it as such for the purposes aforesaid." And again: "Owing to the difference between the language of our statute and that of other States relating to the subject of divorce, but little aid can be obtained from the decisions of the courts of those States in regard to the proper construction of the statute before us."

In consequence of the conclusion we have reached, the bill must be dismissed for want of jurisdiction.

*Irving O. Hunt*, for complainant.